■ JANET DUFFY, Appellant, v DAVID DUFFY, Respondent.— Judgment, Supreme Court, New York County (Elliott Wilk,

J.), entered on January 4, 1988, which declared that The Cathedral School provides a religious education that is subject to the veto power of defendant, and that plaintiff does not have the right to enroll, or have the parties' minor son attend, The Cathedral School, unanimously reversed, on the law and the facts, without costs, and it is declared that The Cathedral School does not teach one religion, to the exclusion of others, that the enrollment of the parties' minor son in that school is not subject to the defendant's veto, and that the plaintiff may enroll the child of the parties in The Cathedral School.

The plaintiff and the defendant entered into a separation agreement, captioned "Stipulation of Settlement", which was incorporated by reference in, but did not merge with, a divorce decree issued by Supreme Court, Suffolk County, on June 7, 1984. That agreement provided, concerning the schooling of the son of the parties, that the plaintiff have the right to choose the son's school. It provided further "however, the husband shall have the right to veto her choice if she selects a single sex boarding school, a school teaching one religion to exclusion of others". The plaintiff sought to enroll the parties' son in The Cathedral School. The defendant objected. Both parties sought a declaration from the court concerning the plaintiff's right to enroll their son in that school and the defendant's right to veto that choice.

The record reveals that approximately 60% of the students in the school are Christian, 25% are Jewish, the remainder include Buddhists, Moslems, Hindus, agnostics, and atheists. Approximately two thirds of the faculty are Christian, although not all are practicing Christians. The other third are Jewish. The school is closed for major Jewish holidays. There is a Seder for the entire student body of the lower school at Passover.

The children at the school attend chapel twice a week. There is, however, no attempt to teach the students Christian religion at these services. The school bulletin states "At these times (chapel), children are encouraged to ask questions, share feelings, and develop a strong sense of *their own* faith." (Emphasis added.)

Supreme Court declared, *inter alia,* "that it is within the veto power of Defendant to veto the selection by Plaintiff of a school with a religious orientation and focus, and that reflects a certain religious belief". This declaration was error. As quoted above, the separation agreement and subsequent judgment gave the defendant the right to veto a school teaching

one religion to the exclusion of others. The record amply demonstrates that The Cathedral School does not teach one religion to the exclusion of others. Concur—Ross, J. P., Asch, Rosenberger, Wallach and Smith, JJ.